UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEON BRIGHT,

     Plaintiff,

v.                                        Case No: 8:20-cv-1131-CEH-JSS

CITY OF TAMPA, J. LAMBERT,
CHRISTINA M. MITCHELL,
HILLSBOROUGH COUNTY, DAVID
KELSEY, JOHN DOES, JANE DOE,
OFFICER LEPOCHAT, BRIAN
DUGAN, BOB BUCKHORN, JANE
DOE (1) and HARTLINE
TRANSPORTATION AGENCY,

     Defendants.
_____/

## REPORT AND RECOMMENDATION

     THIS MATTER is before the Court on Plaintiff's Third Amended Complaint (Dkt. 30) and Application to Proceed in District Court without Prepaying Fees or Costs (Dkt. 31), which the Court construes as a Motion for Leave to Proceed *in Forma Pauperis* ("Motion").  For the reasons that follow, it is recommended that the Motion be denied and that Plaintiff's Third Amended Complaint (Dkt. 30) be dismissed without prejudice.

## APPLICABLE STANDARDS

     Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security.  28 U.S.C. § 1915(a)(1).  When considering a motion filed under Section

1915(a), "'[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'" *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)).  "[A]n affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.*  As such, a court may not deny an *in forma pauperis* motion "without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307–08); *see Miller v. U.S. Postal Serv.*, No. 8:13-CIV-952-T-17-AEP, 2013 WL 2250211, at *1 (M.D. Fla. May 22, 2013) (noting that the court will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess).

Further, when an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it *sua sponte* if the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Although pleadings drafted by pro se litigants are liberally construed, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), they must still "conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

## ANALYSIS

Upon review of Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Dkt. 31), it appears that Plaintiff is financially eligible to proceed *in forma pauperis* in this case.  Nonetheless, the Court recommends dismissal of Plaintiff's Third Amended Complaint (Dkt. 30) without prejudice for the reasons that follow.

In the Third Amended Complaint, Plaintiff alleges that he was involved in a confrontation with a Hartline bus driver, who called the Tampa Police Department and falsely reported that Plaintiff assaulted and battered her. (Dkt. 30 at 4–5.)  Plaintiff further alleges that the responding officers did not investigate his version of the incident and instead issued a trespass warning to Plaintiff which prevented him from using Hartline's services.  (*Id.* at 5–6.)  Plaintiff alleges that he "appealed" the trespass warning and he was permitted to use Hartline's services.  (*Id.* at 6–8.)  Plaintiff alleges that after a subsequent altercation with a different Hartline bus driver, an officer from the Tampa Police Department "created a falsified criminal report" for trespassing.  (*Id.* at 7.)  Plaintiff also contends that during his arrest for trespassing, officers of the Tampa Police Department used excessive force against him, causing injuries. (*Id.*)  Based on these allegations, Plaintiff asserts claims of assault and battery, false imprisonment, "unconstitutional policy, practice, customs, [and] usages," negligence, excessive force, and intentional infliction of emotional distress.  (*Id.* at 8–17.)  Plaintiff names as defendants "City of Tampa," "Tampa Police Officer J. Lambert [Badge 984]," "TPD Officer Christina M. Mitchell, [Badge 70524]," "Mayor of City of Tampa Bob Buckhorn," "Tampa Police Department Chief of Police Brian Dugan," "Several

Hartline Security Officials-@ Transit Mall," "Jane Doe (1), (Hartline Bus Employee),"

"January 12, 2018 Black Female Bus Driver 'Jane Doe (2)'," "Hillsborough County,"

"Hartline Transportation Agency," "David Kelsey (Harline Security Operations'

Manager," and "T.P.D. Ofc. Leopchat." (*Id.* at 1.)

A complaint must state its claims "in numbered paragraphs, each limited as far

as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so

would promote clarity, each claim founded on a separate transaction or occurrence

. . . must be stated in a separate count." *Id.* In addition, Rule 8(a) requires a short and

plain statement of the grounds for the court's jurisdiction, a short and plain statement

of the claim showing that the pleader is entitled to relief, and a demand for the relief

sought. Fed. R. Civ. P. 8(a). Complaints that violate Rule 8(a) are often referred to

as "shotgun pleadings." *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313,

1320 (11th Cir. 2015) ("Complaints that violate either Rule 8(a)(2) or Rule 10(b), or

both, are often disparagingly referred to as 'shotgun pleadings.'").

The Eleventh Circuit has identified four general categories of shotgun pleadings.

*Id.* at 1320–21. The first type of shotgun pleading is a complaint "containing multiple

counts where each count adopts the allegations of all preceding counts, causing each

successive count to carry all that came before and the last count to be a combination

of the entire complaint." *Id.* at 1321. The second type of shotgun pleading is the

complaint that is "replete with conclusory, vague, and immaterial facts not obviously

connected to any particular cause of action." *Id.* at 1321–22. The third type of shotgun

pleading is one that fails to separate into a different count each cause of action or claim

for relief. *Id.* at 1322–23. The last type of shotgun pleading is one that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

Here, Plaintiff's Third Amended Complaint suffers from defects in each category of a shotgun pleading and is, therefore, procedurally deficient. For example, the Third Amended Complaint contains multiple counts that adopt the allegations of the preceding count. (Dkt. 30 at 14, 16, 17.) Second, although Plaintiff alleges that some counts incorporate paragraphs "1–80" and "45–70," the Third Amended Complaint does not include any paragraphs numbered 32 through 50, or 59 through 77. Third, portions of the Third Amended Complaint appear to be cut off. (*Id.* at 11.) Fourth, Plaintiff fails to comply with Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief" as to each Defendant. Fifth, Plaintiff groups Defendants into various claims, failing to specifically notify each Defendant of the factual allegations against them. *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (describing a complaint as "a perfect example of 'shotgun' pleading because it was "virtually impossible to know which allegations of fact [were] intended to support which claim(s) for relief"). Sixth, Plaintiff fails to separate his claims into distinct counts. (Dkt. 30 at 9, 13.)

Finally, to the extent Plaintiff brings claims against John Doe defendants, as a general rule, fictitious-party pleading is not allowed in federal court. *Richardson v.*

*Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).  Notwithstanding, the Court notes that a limited exception to this rule exists "when the plaintiff's description of the defendant is so specific as to be at the very worst, surplusage, and thus discovery would uncover the unnamed defendant's identity."  *Id.* (quoting *Dean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir. 1992) (internal quotation marks omitted).  However, Plaintiff does not provide specific information to identify the John Doe defendants named in the Third Amended Complaint.

In sum, the Court recommends that Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Dkt. 8) be denied without prejudice and Plaintiff's Third Amended Complaint (Dkt. 30) be dismissed without prejudice and with leave to file a fourth amended complaint.  Plaintiff is cautioned that this Report and Recommendation is not a final order.  Plaintiff may file objections to this Report and Recommendation within 14 days but he must await a further ruling from the Court before filing any fourth amended complaint.

Accordingly, it is **RECOMMENDED**:

1. Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Dkt. 31) be **DENIED** without prejudice.

2. Plaintiff's Third Amended Complaint (Dkt. 30) be **DISMISSED** without prejudice and with leave to file a fourth amended complaint that complies with the Federal Rules of Civil Procedure.[1]  *See Bryant v. Dupree*, 252 F.3d

---

[1] Mr. Bright is encouraged to consult the "Litigants Without Lawyers" guidelines on the court's website, located at http://www.flmd.uscourts.gov/litigants-without-lawyers.

1161, 1163 (11th Cir. 2001) ("Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.") (internal quotation and citation omitted).   The undersigned recommends that the fourth amended complaint, if any, be due within twenty (20) days of the date this Report and Recommendation becomes final.

**IT IS SO REPORTED** in Tampa, Florida, on November 19, 2021.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE


## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Copies furnished to:

The Honorable Charlene Edwards Honeywell
Unrepresented Parties