# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

LEON BRIGHT,

      Plaintiff,

v.                                      Case No: 8:20-cv-1131-CEH-JSS

CITY OF TAMPA, J. LAMBERT,
CHRISTINA M. MITCHELL,
HILLSBOROUGH COUNTY, DAVID
KELSEY, JOHN DOES, JANE DOE
2, OFFICER LEPOCHAT, BRIAN
DUGAN, BOB BUCKHORN, JANE
DOE (1) and HARTLINE
TRANSPORTATION AGENCY,

      Defendants.

_____/

## O R D E R

This cause comes before the Court upon:

Leon Bright's "Application to Proceed In District Court Without Prepaying Fees or Costs (Long Form)" (the "Motion for Leave to Proceed *in Forma Pauperis*") (Doc. 31);

Leon Bright's "List of Objections and Motion for Reconsideration Upon This Court's August 30, 2021 Order" (the "Motion for Reconsideration") (Doc. 32);

The Report and Recommendation entered by United States Magistrate Judge Julie S. Sneed on November 19, 2021 (the "November 19, 2021 R&R") (Doc. 33);

Leon Bright's "List of Objections to Magistrate's Order and Motion for Extension of Time and Rehearing/Reconsideration and Notice to Rule Within Reasonable Time" (the "Objection") (Doc. 34); and

Leon Bright's "Motion to Vacate/Set Aside and Provide Relief from Judgement and November 19, 2021 Order of Court" (the "Motion to Vacate") and Leon Bright's "Motion for Stay of Proceedings [Pending Disposition of recently filed

Motion to Vacate November 19, 2021 Order] Or and In Alternative Motion for Extension of Time to: (a) file verified Motion to Disqualify, and (b) until this Court's rules upon Plaintiff's Motion to Vacate November 19, 2022 Order at Doc. 33" (the "Motion to Stay") (Docs. 34, 35).

## I.    BACKGROUND

Proceeding *pro se*,[1] Leon Bright initiated this action against numerous defendants when he filed a complaint (the "Complaint") on May 14, 2020 (Doc. 1). In a September 23, 2020 Report and Recommendation (the "September 23, 2020 R&R"), the Magistrate Judge concluded that the Complaint violated Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure. Doc. 12 at 4. First, the Magistrate Judge observed that Bright failed to alleged substantial portions of the Complaint in numbered paragraphs, in violation of Rule 10(b). Doc. 12 at 3. The Magistrate Judge also concluded that the Complaint violated Rule 8(a) and suffered from defects common to shotgun pleadings; Bright included conclusory allegations that lacked any relation to his claims for relief, and he failed to specify the defendants against whom he brought each claim. *Id.* at 4. As such, the Magistrate Judge recommended that the Court: (1) dismiss the Complaint, without prejudice, and provide Bright with leave to file an amended complaint in compliance with the Federal Rules of Civil Procedure

---

[1] *Pro se* parties should review the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida, which can be viewed on the Court's website at https://www.flmd.uscourts.gov/local-rules. A *pro se* party should also consult the "Litigants Without Lawyers" guide on the Court's website, located at http://www.flmd.uscourts.gov/litigants-without-lawyers. Additionally, a pro se litigant handbook prepared by the Federal Bar Association is available to download at the following hyperlink: www.fedbar.org/prosehandbook. A *pro se* party may seek assistance from the Federal Bar Association by completing a request form at http://federalbartampa.org/pro-bono.

within 20 days of the September 23, 2020 R&R becoming final; (2) deny, without prejudice, Bright's request to proceed *in forma pauperis*; and (3) deny as moot Bright's request for the United States Marshal to serve the defendants. *Id.* at 5.

Bright objected (Doc. 13) and contemporaneously filed an amended complaint (the "Amended Complaint") (Doc. 14). Thus, Bright filed the Amended Complaint before the Court ruled upon the September 23, 2020 R&R. On November 6, 2020, the Court overruled Bright's objection and adopted the September 23, 2020 R&R. Doc. 15 at 2. In adopting the September 23, 2020 R&R, the Court dismissed, without prejudice, the Complaint and granted Bright leave to file a second amended complaint in compliance with the Federal Rules of Civil Procedure within 20 days. *Id.* Bright's failure to file a second amended complaint within that time, the Court advised, would result in the Court treating the Amended Complaint as the operative complaint. *Id.* The Court also granted Bright leave to file, within 20 days, amended motions to proceed *in forma pauperis* and for the United States Marshal to effect service. *Id.* at 3.

Bright did not file a second amended complaint within the provided time. Instead, he objected (Doc. 16) and filed several motions, such as a motion to vacate (Doc. 17), and a motion to stay (Doc. 18).

In an April 12, 2021 Report and Recommendation (the "April 12, 2021 R&R"), the Magistrate Judge concluded that the Amended Complaint failed to comply with Rule 8 because Bright failed to include specific allegations concerning each defendant. Doc. 23 at 4. The Magistrate Judge noted that, as alleged, the Amended Complaint did not provide the defendants with fair notice of the claims against them and the

3

grounds upon which they rested. *Id.* As such, the Magistrate Judge recommended that the Court: (1) dismiss the Amended Complaint, without prejudice, and provide Bright with leave to file a second amended complaint in compliance with the Federal Rules of Civil Procedure within 20 days; (2) deny his requests for leave to proceed *in forma pauperis* and for the services of the Marshal. *Id.* at 4–5.

Before the Court ruled upon the April 12, 2021 R&R, Bright filed a second amended complaint (the "Second Amended Complaint") (Doc. 28). In an August 30, 2021 order (the "August 30, 2021 Order"), the Court overruled Bright's construed objections to the April 12, 2021 R&R. Doc. 29 at 12–15. The Court agreed with the Magistrate Judge's recommendation that the Amended Complaint was deficient. *Id.* at 13. The Court explained that the Amended Complaint failed to include specified allegations concerning each of the named defendants and foreclosed any understanding of which claims Bright lodged against which defendants. *Id.* at 14. The Court also highlighted that some counts appeared to include multiple claims. *Id.* at 15. As such, the Court dismissed the Amended Complaint, without prejudice, and provided Bright with leave to file a third amended complaint within 20 days. *Id.* The Court advised Bright that it would treat the Second Amended Complaint as the operative complaint if he did not file a third amended complaint within the provided time. *Id.* The Court emphasized that Bright need not file a third amended complaint, but that he could file one if he desired, such as to correct any deficiencies in the Second Amended Complaint. *Id.* at 15, 17–18. The Court also denied his requests for leave to proceed *in forma pauperis* and for the services of the Marshal. *Id.* at 15, 18.

Bright filed a third amended complaint (the "Third Amended Complaint"), the Motion for Leave to Proceed *in Forma Pauperis*, and the Motion for Reconsideration within the provided time (Docs. 30, 31, 32). In the November 19, 2021 R&R, the Magistrate Judge concludes that the Third Amended Complaint constitutes a shotgun pleading. Doc. 33 at 5. The Magistrate Judge recommends that the Court: (1) dismiss the Third Amended Complaint, without prejudice, and give Bright leave to file a fourth amended complaint that complies with the Federal Rules of Civil Procedure within 20 days of the November 19, 2021 R&R becoming final; and (2) deny, without prejudice, the Motion for Leave to Proceed *in Forma Pauperis*. Doc. 33 at 6–7.

Bright did not object to the November 19, 2021 R&R within the fourteen-day period under 28 U.S.C. § 636(b). Instead, on January 12, 2022, Bright filed a document entitled "Plaintiff's List of Objections to Magistrate's Order and Motion for Extension of Time and Rehearing/Reconsideration and Notice to Rule Within Reasonable Time," which the Court will refer to as the "Objection" (Doc. 34). The Objection includes the Motion to Vacate and the Motion to Stay (Doc. 34).

## II.   DISCUSSION

### A. Motion for Reconsideration

Bright styles the Motion for Reconsideration as "Plaintiff's List of Objections and Motion for Reconsideration Upon this Court's August 30 2021 Order." Doc. 32 at 1. As the Court previously explained to Bright, 28 U.S.C. § 636 does not provide a basis to "object" to a district judge's order. Doc. 29 at 5. In the Motion for Reconsideration, Bright moves under Rule 59, Federal Rules of Civil Procedure, "for

clarification and reconsideration of his Second Amended Complaint based upon the fact discovery is needed to identify Jane Doe (1) and Jane Doe (2) who are employees of the Hartline Transit Agency." Doc. 32 at 1. Although Bright cites to Rule 59, this action did not proceed to trial, nor did the Court enter a judgment.[2] Bright also asks the Court to strike the August 30, 2021 Order as "irrelevant to all other valid claims which do satisfy Rule 8" and grant his prior requests to proceed *in forma pauperis* and for the Marshal to effect service. *Id.* at 3. The Court will construe this motion as seeking reconsideration of the August 30, 2021 Order.

"This Court has recognized three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *True v. C.I.R.*, 108 F. Supp. 2d 1361, 1365 (M.D. Fla. 2000). "[R]econsideration of a previous order is an

---

[2] A "judgment" is "[a] court's final determination of the rights and obligations of the parties in a case." *Black's Law Dictionary* 858 (Bryan A. Garner ed., 8th ed. 2004). "Judgment," as used in the Federal Rules of Civil Procedure, "includes a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). This reference to "any order from which an appeal lies" embraces two types of orders: (1) any "final decision" from which an appeal is allowed under 28 U.S.C. § 1291; and (2) any appealable interlocutory order. 10 Charles Alan Wright, Arthur R. Miller, et al., *Federal Practice and Procedure* § 2651 (4th ed. 2019). An order that is not appealable under either of these categories does not qualify as a "judgment" under the Rules. *Id.* A "final decision" is "one which ends the litigation on the merits and leaves nothing for the Court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). Here, the August 30, 2021 Order did not render a final determination of Bright's rights and obligations; the Court dismissed the Amended Complaint, without prejudice, and provided Bright with leave to file a third amended complaint, which he filed within the time provided. As a result, the action proceeded. The August 30, 2021 Order is not an appealable interlocutory order, either. *See* 28 U.S.C. § 1292(b) (providing that a district judge who opines that an order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . shall so state in writing" in that order); Wright, Miller, et al., *supra*, at § 3920 (discussing interlocutory appeals generally).

extraordinary remedy to be employed sparingly." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D 689, 694 (M.D. Fla. 1994).

The Motion for Reconsideration does not satisfy any of these grounds for reconsideration. Relying upon distinguishable case law, Bright contends that the August 30, 2021 Order "seems" to "selectively point[]" to Defendants "Jane Doe (1)," "Jane Doe (2)," and Buchanan "as some sort of reasoning . . . to justify ruling that the entire Complaint fails under Rule 8." Doc. 32 at 2. According to Bright, the August 30, 2021 Order failed to mention "the other Claims/Grounds which do satisfy Rule 8 in the Complaint," such as Counts One, Two, Three, Four, Five, and Six. *Id.*

However, this argument lacks merit. The August 30, 2021 Order did not dismiss the Amended Complaint, without prejudice, because Bright named fictitious parties or Christina Buchanan as defendants. Rather, the Court agreed with the Magistrate Judge that the Amended Complaint was procedurally deficient. Doc. 29 at 13. The Court explained that, just as the Magistrate Judge had concluded, the Amended Complaint failed to include specific allegations concerning each of the named defendants. *Id.* at 14. Then, as an example to illustrate the deficiency for Bright, the Court pointed out that Bright sued Buchanan, even though the Amended Complaint did not include any factual allegations specific to her. *Id.* The Court concluded that the Amended Complaint failed to provide Buchanan with notice of the claims against her and the grounds upon which the claims rested. *Id.*

Additionally, the Court highlighted that the Amended Complaint foreclosed any understanding of which claims Bright lodged against which defendants. *Id.* Then,

as another example to illustrate this deficiency for Bright, the Court explained that Bright's false-imprisonment claim in Count Two initially identified the relevant defendants as the City of Tampa and Officers Mitchell, Lepochat, and Lambert, yet Bright also alleged in Count Two that "Defendants Black female Jane Doe (One) and Black Female Jane Doe (Two)" intended to confine him and that they held him against his will. *Id.* (internal quotation marks omitted). As such, the Court explained that whether Bright intended to bring Count Two against those two individuals, the latter of whom he did not even identify as a defendant in the case caption, was unclear. *Id.* Further, the Court observed that Count Two contained a reference to "Defendant employees" and a paragraph in which Bright alleged that he sought a declaratory judgment against Hillsborough County and Hartline Transportation Agency "for being reckless in the retention of . . . Black Female Hartline Bus Driver Jane Doe (one) [and] Black Female Hartline Bus Driver Jane Two (two)." *Id.* at 14–15 (internal quotation marks omitted). The Court emphasized that, again, Bright's reference to these defendants obscured any understanding of which defendants he sought to sue in Count Two. *Id.* at 15. And, to the extent that Bright intended to bring a separate claim for declaratory judgment within Count Two, the Court articulated that such form of pleading violated the Federal Rules of Civil Procedure. *Id.* The Court explained that similar deficiencies pervaded the Amended Complaint. *Id.*

Thus, the August 30, 2021 Order did not "selectively point[]" to certain defendants as a basis to justify dismissing the Amended Complaint. Instead, the Court agreed with the Magistrate Judge that the Amended Complaint was procedurally

deficient and, for Bright's benefit, provided examples. The identified deficiencies warranted dismissing the Amended Complaint. *See Barmapov v. Amunial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (stating that shotgun pleadings are "flatly forbidden by the spirit, if not the letter," of Rules 8(a)(2) and 10(b)). Bright's selection of certain paragraphs and claims of the Amended Complaint neither cures those deficiencies nor provides a basis for reconsideration. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) ("A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds.").

Bright also contends that he needs to conduct discovery to ascertain the identities of "Jane Doe (1)" and "Jane Doe (2)" and that "prematurely dismiss[ing] either the Complaint or Unnamed Unidentified Defendants" at this juncture of the action will constitute an abuse of discretion. Doc. 32 at 1 (internal quotation marks omitted). Bright also asserts that he has added these two Jane Doe defendants to the caption of the Third Amended Complaint. Whether Bright offers these arguments in support of reconsideration is unclear, but, regardless, he does not provide a basis for reconsideration of the August 30, 2021 Order. As explained above, the August 30, 2021 Order did not dismiss the Amended Complaint as a result of Bright naming a fictitious defendant.

Finally, Bright contends that the August 30, 2021 Order's admonition that the Court would treat the Second Amended Complaint as the operative complaint if he did not file a third amended complaint within the provided time was "deceptive,

trickery and . . . a ploy to again attempt to exasperate" his efforts by requiring him to submit "valid Complaints" under "Rules 15, 8, and 4." *Id.* at 2. This argument also fails to offer a basis for reconsideration.

Therefore, the Court will deny the Motion for Reconsideration.[3]

## B. November 19, 2021 R&R, Motion to Proceed *In Forma Pauperis*, Objection, and Motion to Vacate

### i. *Objection and Motion to Vacate*

In the Third Amended Complaint, Bright alleges that he was involved in a confrontation with a Hartline bus driver, who called the Tampa Police Department and falsely reported that Bright assaulted and battered her. Doc. 30 at 4–5. After Tampa Police Department officers arrived on scene, they allegedly failed to investigate Bright's version of the incident. *Id.* at 5. According to Bright, they issued a trespass warning to him based upon fabricated statements. *Id.* at 5. Bright alleges that this warning "was premised off an unconstitutional discriminate municipal policy" and was based upon "retaliation" and his "right to complain against discriminate violent unconstitutional government officials," including the Tampa Police Department and its officers. *Id.* at 5–6. After Bright allegedly "appealed" the trespass warning, he was allowed to use Hartline's services again. *Id.* at 6.

---

[3] To the extent that Bright seeks "clarification . . . of his Second Amended Complaint based upon the fact discovery is needed" to identify certain defendants, he has not clearly articulated his request for clarification. The August 30, 2021 Order did not rule upon the Second Amended Complaint. Contemporaneous with the filing of the Motion for Reconsideration, Bright filed the Third Amended Complaint, which is the operative pleading. As discussed herein, the Court did not dismiss the Amended Complaint as a result of his naming of a fictitious defendant.

Bright also alleges that he was involved in another altercation with a different Hartline bus driver, who fabricated accusations against him. *Id.* at 6–7. A Tampa Police Department officer allegedly "created a falsified criminal report" for trespassing on Hartline property. *Id.* at 7. According to Bright, Tampa Police Department officers used excessive force in arresting him for the trespass warning. *Id.*

Bright sues "City of Tampa," "Tampa Police Officer J. Lambert [Badge 984]," "TPD Officer Christina M. Mitchell, [Badge 70524]," "Mayor of City of Tampa Bob Buckhorn," "Tampa Police Department Chief of Police Brian Dugan," "Several Hartline Security Officials - @ Transit Mall," "Jane Doe (1), (Hartline Bus Employee)," "January 12 2018 Black Female Bus Drive 'Jane Doe (2)'," "Hillsborough County," "Hartline Transportation Agency," "David Kelsey [Harline Security Operations' Manager]," and "T.P.D. Ofc. Lepochat." *Id.* at 1. Bright labels his claims in the Third Amended Complaint as follows: "Assault and Battery" (Count One); "False Imprisonment and False Arrest under 42 U.S.C. § 1983" (Count Two); "Unconstitutional Policy, Practice, Customs, Usages" (Count Three); "Action under Florida Law Negligence" (Count Four); "Excessive Force by Retaliation and or Selective Enforcement" (Count Five); and "Intentional Infliction of Emotional Distress" (Count Six). *Id.* at 8–18.

In the November 19, 2021 R&R, the Magistrate Judge concludes that Bright appears financially eligible to proceed *in forma pauperis* in this action. Doc. 33 at 3. Nonetheless, the Magistrate Judge recommends that the Court dismiss the Third Amended Complaint, without prejudice, and provide Bright with leave to file a fourth

amended complaint that complies with the Federal Rules of Civil Procedure. *Id.* at 3, 6–7. As such, the Magistrate Judge also recommends that the Court deny the Motion to Proceed *in Forma Pauperis*, without prejudice. *Id.* at 6. The Magistrate Judge reasons:

> Plaintiff's Third Amended Complaint suffers from defects in each category of a shotgun pleading and is, therefore, procedurally deficient. For example, the Third Amended Complaint contains multiple counts that adopt the allegations of the preceding count. (Dkt. 30 at 14, 16, 17.) Second, although Plaintiff alleges that some counts incorporate paragraphs "1–80" and "45–70," the Third Amended Complaint does not include any paragraphs numbered 32 through 50, or 59 through 77. Third, portions of the Third Amended Complaint appear to be cut off. (*Id.* at 11.) Fourth, Plaintiff fails to comply with Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief" as to each Defendant. Fifth, Plaintiff groups Defendants into various claims, failing to specifically notify each Defendant of the factual allegations against them. *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (describing a complaint as "a perfect example of 'shotgun' pleading because it was "virtually impossible to know which allegations of fact [were] intended to support which claim(s) for relief"). Sixth, Plaintiff fails to separate his claims into distinct counts. (Dkt. 30 at 9, 13.)

Doc. 33 at 5.

"Within fourteen days after being served with a copy, any party may serve and file written objections" to a magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C). When a party makes a timely and specific objection to a magistrate judge's report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; *see* Fed. R. Civ. P.

72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *see also* Fed. R. Civ. P. 72 Advisory Committee Note (1983 Addition) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The district judge may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Sch. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

Bright failed to object to the November 19, 2021 R&R within the fourteen-day period under 28 U.S.C. § 636; he filed the Objection nearly two months later. The Magistrate Judge cautioned Bright that he could object within fourteen days and that failure to file written objections within fourteen days would result in a waiver of his right to challenge on appeal any unobjected-to factual finding or legal conclusion adopted from the November 19, 2021 R&R. Doc. 33 at 7.

The Objection lacks merit. In the first paragraph labeled "Objection," Bright asserts that he objects to the November 19, 2021 R&R because the Magistrate Judge recommends that the Court direct him to file a fourth amended complaint "without citing any valid Federal Rules of Civil Procedure" that the Third Amended Complaint does not satisfy or comply with. Doc. 34 at 1. But the Magistrate Judge cites to Rules 8(a) and 10(b), Federal Rules of Civil Procedure, and explains that complaints that violate Rule 8(a) are often referred to as "shotgun pleadings." Doc. 33 at 4. The

13

Magistrate Judge concludes that the Third Amended Complaint constitutes a shotgun pleading and that the Third Amended Complaint violates Rule 8. *Id.* The Court will overrule this objection.

In the second paragraph labeled "Objection," Bright asserts that he objects to "th[e] Court's indifferent practice of compelling [him] to senselessly resubmit filings," which he considers "no more than retribution and means to discourage" him "from complaining upon governmental officials." *Id.* He asserts that "[t]hese actions waste judicial resources," burden clerks, delay justice, and "exacerbate[s] deep expenses at the cost to taxpayers." *Id.* The Court dismissed Bright's prior complaints because they failed to comply with the Federal Rules of Civil Procedure. In doing so, the Court allowed Bright—for his benefit—to correct those pleading deficiencies. The Court has also pointed Bright to resources for *pro se* parties, including a *pro se* litigant handbook. Doc. 29 at 2 n.1. The Magistrate Judge's recommendation for the Court to provide Bright with another opportunity to correct pleading deficiencies does not serve as a basis for setting aside the November 19, 2021 R&R and allowing this action to proceed on the deficient Third Amended Complaint. Shotgun pleadings like Bright's complaints, not the Court's provision of opportunities to correct pleading deficiencies, "waste scare judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro*, 878 F.3d at 1295 (internal quotations and alterations omitted). The Court will overrule this objection, too.

14

Within the same document as these two objections, Bright includes the Motion to Vacate and the Motion to Stay.[4] Doc. 34 at 2–6. Because Bright directs the Motion to Vacate towards the November 19, 2021 R&R and includes that paper in the same document as his objections, the Court construes the Motion to Vacate as objections to the November 19, 2021 R&R. However, the Court construes the Motion to Stay as a motion and will address that paper below.

In the Motion to Vacate, Bright asks the Court to "vacate" the November 19, 2021 R&R under Rules 60(a) and 60(b) of the Federal Rules of Civil Procedure. Doc. 34 at 2. Bright identifies two grounds for relief: (1) the November 19, 2021 R&R "conflicts with well established law" and the Federal Rules of Civil Procedure; and (2) the November 19, 2021 R&R "misapplies the proper liberal pleading standard" contemplated in cases from the United States Court of Appeals for the Third Circuit. *Id*. These arguments are nearly identical to Bright's arguments in an earlier motion to vacate. Doc. 17 at 1; Doc. 24 at 1. Neither Rule 60(a) nor Rule 60(b) provide a basis for the Court to vacate the nonfinal November 19, 2021 R&R. *See* Fed. R. Civ. P 60(a) ("The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."); Fed. R. Civ. P. 60(b) (listing six grounds under which, on motion and just terms, a court may relieve a party or its legal representative from a final judgment, order, or proceeding); *see* Fed. R. Civ. P. 60(b) Advisory Committee Note (1946 Amendment)

---

[4] The Clerk also docketed this document separately as a motion (Doc. 35).

(stating that "final" emphasizes the character of the judgments, orders, or proceedings from which Rule 60(b) affords relief).[5] Further, none of Bright's arguments, such as his arguments that the November 19, 2021 R&R conflicts with the Federal Rules of Civil Procedure and well-established law, that the November 19, 2021 R&R misapplies the proper pleading standard, or that the November 19, 2021 R&R denied the Moton to Proceed *in Forma Pauperis* "based upon no facts where clearly [Bright] is too poor to pay Court Fees," is meritorious. The November 19, 2021 R&R cites to the Federal Rules of Civil Procedure and binding case law; applies the proper pleading standard; and concludes that Bright is eligible to proceed *in forma pauperis*, but recommends denying his request as a result of the pleading deficiencies.[6] Doc. 33 at 5–6.

Bright also includes a request for recusal under 28 U.S.C. § 455. The August 30, 2021 Order set forth the standards governing recusal. Doc. 29 at 7. In language identical to an earlier motion to vacate, Doc. 17 at 3, Bright fails to provide a reason for recusal under § 455. Without providing any argument or analysis, he simply cites all subsections of § 455 and "where this Court's bias can be reasonably assumed and

---

[5] Also, Bright once again fails to articulate the enumerated ground of Rule 60(b) under which he seeks relief. *Id.*

[6] As for Bright's argument that he will be able to identify each named defendant who used excessive force on him once discovery commences and that "missing details or superfluous material do not necessarily render a complaint unintelligible," Doc. 34 at 3–4, the Magistrate Judge does not recommend dismissal of the Third Amended Complaint solely because Bright fails to provide specific information to identify the fictitious defendants, Doc. 33 at 6. Bright does not contend that he has provided sufficient information.

presumed or questioned" as grounds for recusal, Doc. 34 at 1.[7] Thus, this argument is unavailing. Bright's dissatisfaction with the Court's adverse rulings alone may not serve as the basis for recusal. *See Leonard v. Monroe Cnty.*, 789 F. App'x 848, 851 (11th Cir. 2019). As such, the Court denies Bright's request for recusal.[8] Therefore, the Court will overrule the construed objections in the Motion to Vacate.[9]

### ii.   *November 19, 2021 R&R and Third Amended Complaint*

The Court agrees with the Magistrate Judge that the Third Amended Complaint constitutes a shotgun pleading. The Court has previously defined shotgun pleadings and identified the four general forms of shotgun pleadings for Bright. Doc. 12 at 4; Doc. 29 at 15. "A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both."[10] *Barmapov*, 986 F.3d at 1324. Ultimately, "[t]he unifying characteristic of all types of shotgun pleadings is that they

---

[7] Once again, Bright also broadly cites to "Canon 3 of the Code of Judicial Conduct . . . and under other similar case law" without providing any argument or analysis. Doc. 34 at 4.

[8] Like an earlier motion to vacate, Doc. 17 at 3, Bright also cryptically mentions a stay of the proceedings, an extension of time to recuse the Magistrate Judge, and a stay of the proceedings pending the Court's ruling on the Motion to Vacate, Doc. 34 at 4. Like the August 30, 2021 Order, the Court construes this discussion as referencing the Motion to Stay. Doc. 29 at 9.

[9] For all of the foregoing reasons, even if the Court construed the Motion to Vacate as a motion and not an objection, the Court would deny the motion.

[10] Rule 8(a)(2) requires a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). And "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ." *Id.*

fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). Shotgun pleadings "impede the administration of the district courts' civil dockets." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Courts construe *pro se* pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys, *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003), but "[c]ourts in the Eleventh Circuit have little tolerance for shotgun pleadings," *Vibe Micro*, 878 F.3d at 1295.

A complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against," constitutes one type of shotgun pleading. *Id.* at 1323. The Complaint and Amended Complaint suffered from this deficiency. Doc. 12 at 4; Doc. 15 at 2; Doc. 29 at 14–15. Even upon a liberal construction, Bright once again—now in the Third Amended Complaint—brings multiple claims against multiple defendants without clearly articulating the defendants against whom he brings some of those claims.

In Count Three, which Bright labels as "Unconstitutional Policy, Practice, Customs, Usages" by "City of Tampa, Bob Buckhorn, Chief of Police Brian Dugan," Bright identifies the defendants as "TPD Ofc. Christina Mitchell, [Badge 70524] City of Tampa, Ofc. J. Lambert, *et al.*" Doc. 30 at 11 (emphasis added). Bright's use of "et al." fails to provide the defendants with adequate notice of whom he brings this claim

18

against. The Magistrate Judge previously admonished Bright that his use of "et al." prevented the Court from ascertaining which counts or allegations relate to which defendants. Doc. 12 at 4. Bright's discussion of actions of "Municipal Defendants" within Count III compounds the confusion, as he does not clearly allege to whom this term refers. Doc. 30 at 11. In a subsequent paragraph under Count Four, he seems to define "Municipal Defendants" as including only Hillsborough County and the City of Tampa. *Id.* at 30. However, he does not incorporate this allegation into Count III, and he also describes Hartline as "municipal." *Id.* at 3.

Similarly, Bright initially identifies Mitchell, Lambert, the City of Tampa, and Hillsborough County as the defendants in Count Four and then identifies Hillsborough County and the City of Tampa as defendants in "Part One" of this claim. *Id.* at 13. Within Count Four, Bright alleges that Hartline "was also [negligent] in the hiring of Defendants Black Female Jane Doe {1} and Black Female Jane Doe (2)" and that, because Hartline had previously experienced "incidents," "it should be held accountable." *Id.* at 14. And in "Part Two" of this claim, Bright alleges that Hartline had a "duty to retain, preserve, and provide operatable maintenance upon all video camera" footage. *Id.* at 15. But Bright does not identify Hartline as a defendant against whom he brings Count Four. Thus, whether Bright brings this claim against Hartline is unclear; Bright fails to provide Hartline with proper notice of the claims against it.[11]

---

[11] Bright also brings this claim against Mitchell and Lambert, but portions of his factual statement refer to all officers collectively without identifying which officers were responsible for which acts or omissions. Doc. 30 at 5–7.

Similarly, he alleges in Count Four that "all relevant Hartline Officials" had a "statutory duty and policy" to preserve the footage and that "[e]ach failed to preserve" the video footage and "further breached duties to protect" Bright. *Id.* But Bright does not identify the "relevant Hartline Officials" for Count Four. Whether the "relevant Hartline Officials" includes the fictitious Hartline bus drivers, Kelsey, or the "Several Hartline Security Officials - @ Transit Mall" whom Bright names in the caption of the case is unclear.[12] Thus, Bright fails to provide the defendants with proper notice of the claims against them.

Another type of shotgun pleading is a complaint that "commits the sin of not separating into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1322–23. The Court previously articulated this principle to Bright. Doc. 29 at 15. Both the Complaint and the Amended Complaint suffered from this deficiency. Doc. 12 at 4–5; Doc. 29 at 15. Even upon a liberal construction, the Third Amended Complaint suffers from this deficiency, too. Bright labels Count Two as a claim for "False Imprisonment" and "False Arrest Under 42 U.S.C. § 1983." Doc. 30 at 9. Bright's allegations within Count Two pertain to his "false criminal arrest" and his "false[] imprison[ment]," such as his allegation that "All Defendant employees herein"—another term that Bright fails to define—"contributed to the false

---

[12] Relatedly, whether Bright brings any claims against the "Several Hartline Security Officials - @ Transit Mall" that he names as a defendant in the case caption is unclear. The Court previously identified this deficiency for Bright. Doc. 23 at 4; Doc. 29 at 14.

reports/arrest and false imprisonment" of him.[13] *Id.* at 9–10. Thus, Count Two includes both a claim for "False Imprisonment" and a claim for "False Arrest Under 42 U.S.C. § 1983." Count Two also includes a separate claim for declaratory judgment against Hillsborough County (whom Bright does not identify as a defendant for Count Two) and Hartline. *Id.* at 10–11. Although the Third Amended Complaint cuts off portions of the accompanying allegations, those allegations appear to be identical to allegations within Count Two of the Amended Complaint, in which Bright requested a declaratory judgment against Hillsborough County and Hartline and sought an order from the Court compelling them to protect patrons and citizens and cease "utilizing Tampa Police Department Officers as agents to initiate discriminatory" trespass warnings. Doc. 14 at 8–9. Bright failed to cure this deficiency in filing the Third Amended Complaint, despite the Court highlighting the deficiency. Doc. 20 at 15 ("And to the extent Bright intends to bring a separate claim for declaratory judgment within Count Two, that form of pleading also runs afoul of the Federal Rules of Civil Procedure.").

As another example, Count Four also suffers from this deficiency. Bright labels Count Four as "Action under Florida Law Negligence" and initially identifies the relevant defendants as Mitchell, Lambert, the City of Tampa, and Hillsborough County. Doc. 30 at 13. However, despite describing this claim as a negligence claim,

---

[13] As such, whether "All Defendant employees herein" includes only the fictitious Hartline employees, or also includes the Tampa Police Department officers, or Kelsey as a Hartline employee, is unclear.

Bright then alleges "Breach of Contract," "Premise Liability," "Breach of Duties," "Breach of Security," "Negligent Maintenance, and "Negligent Mode of Operation." *Id.* Count Four also includes a "Part One," which alleges, in relevant part, that "Defendant officers breached their duty to protect, serve, and care" for Bright and, separately, that Hartline was negligent in hiring "Black Female Jane Doe {1} and Black Female Jane Doe (2)." *Id.* at 14. Count Four also includes a "Part Two," which Bright labels "Spoliation of Exculpatory Video Evidence." *Id.* at 15. In this part of Count Four, he alleges that Hartline had a duty to retain, preserve, and provide "operable maintenance upon all video surveillance" footage; that "all relevant Hartline Officials" had a statutory duty and policy to preserve footage; and that each "relevant Hartline Official" failed to preserve the video footage; and that Mitchell and Hartline "failed to keep appropriate maintenance upon their own body-cam, and or In-Bus video surveillance system" and violated the "duty to retain" and "preserve the exculpatory evidence." *Id.* Thus, Bright fails to separate his claims into distinct counts.

Like prior complaints, the Third Amended Complaint also includes facts that are conclusory or immaterial to Bright's claims: he again alleges that the actions of certain defendants were "deplorable," "evil," and "delusional." *Id.* at 9–10, 17. A complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" also constitutes a shotgun pleading. *Weiland*, 792 F.3d at 1321–22. The September 23, 2020 R&R highlighted this deficiency for Bright, yet the Third Amended Complaint continues to include these terms. The Magistrate Judge concludes that the Third Amended Complaint is a

shotgun pleading on these grounds. Doc. 33 at 5. In amending, Bright shall ensure that he removes these terms and any other conclusory, vague, and immaterial facts that are not obviously connected with a particular claim.

Another portion of the Third Amended Complaint that furthers the pleading's confusing nature is Bright's incorporation of preceding allegations. Count Six incorporates nearly all of the allegations of the preceding counts. Doc. 30 at 17. Similarly, Count Four incorporates the allegations of all preceding allegations. Counts Four, Five, and Six also seek to incorporate allegations in numbered paragraphs that simply do not exist. *Id.* at 14, 16–17. Although each count does not incorporate the allegations of all preceding counts such that the last count serves as a combination of the entire complaint, this practice adds to the confusing nature of the claims by requiring the Court to review nearly all the preceding allegations to determine which allegations pertain to the claims and whether certain paragraphs even exist.[14] In amending, Bright must ensure that any count that incorporates preceding allegations clearly incorporates allegations relevant to that claim.

Further, Bright does not allege substantial portions of the Third Amended Complaint in numbered paragraphs. His statement of facts consists of a single

---

[14] A complaint that contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint" is a shotgun pleading. *Weiland*, 792 F.3d at 1321. The Magistrate Judge concludes that the Third Amended Complaint qualifies as this type of shotgun pleading. Doc. 33 at 5. But each count does not adopt the allegations of all preceding counts, nor does the final count adopt all preceding allegations (although it comes close), thereby causing the last count to serve as a combination of the entire complaint.

paragraph that spans multiple pages, in which certain sections are numbered. *Id.* at 4–8. The Magistrate Judge previously concluded that this practice violated Rule 10(b). Doc. 12 at 3. Because this practice compounds the confusing nature of the complaint, Bright should cure this deficiency in amending.

Finally, the Court will grant Bright leave to file a fourth amended complaint that complies with the Federal Rules of Civil Procedure. In *Vibe Micro v. Shabanets*, the Eleventh Circuit held that "[w]hen a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must sua sponte give him one chance to replead before dismissing this case with prejudice on non-merits shotgun pleading grounds." 878 F.3d at 1296. But the Eleventh Circuit "decide[d] and intimate[d] nothing about a party proceeding pro se." *Id.* at 1296 n.6 (internal quotation marks omitted). The Court has afforded Bright several opportunities to file a complaint that complies with the Federal Rules of Civil Procedure and has provided guidance about the deficiencies in prior pleadings. *See Tran v. City of Holmes Beach*, 817 F. App'x 911, 915 (11th Cir. 2020) ("Even *pro se* plaintiffs must comply with pleading rules or face judgment day, which for the [plaintiffs] came after the district court gave them two chances to replead, and even some guidance about what was wrong with the way they had done it before."). **Thus, the fourth amended complaint will serve as Bright's final opportunity to file a complaint that complies with the Federal Rules of Civil Procedure and avoids shotgun-pleading deficiencies**. The Court will dismiss

the Third Amended Complaint, without prejudice, and deny the Motion to Proceed *in Forma Pauperis*, without prejudice.

### C. Motion to Stay

In the Motion to Stay, Bright seeks "an extension of time" under Rules 6, 26, and 27 of the Federal Rules of Civil Procedure to file a motion to recuse the Magistrate Judge. Doc. 35 at 6. Based upon the title of the Motion to Stay, Bright also appears to seek a stay of the action pending a ruling on the Motion to Vacate. *Id.* Bright also states that complying with the Court's "vicious" and "strenuous" order within 20 days "is simply ridiculous" or "impossible" due to "the highly increased ratio" of COVID-19, his medical needs, and the closings of Hillsborough County libraries and businesses providing access to copy machines. *Id.* Bright references the Court's November 6, 2020 order adopting September 23, 2020 R&R. *Id.* This section of the motion is identical to an earlier motion to stay, Doc. 18 at 1–2, which the Court construed as seeking an extension of time to move to disqualify the Magistrate Judge and to "reply/comply" with the November 6, 2020 order, Doc. 29 at 10.

The Court will deny the Motion to Stay. Bright's request for a stay of this action so that he can file a motion to disqualify the Magistrate Judge falls short. Bright does not articulate the need for a stay or the basis for moving to disqualify the Magistrate Judge, aside from his vague reference to "Judicial Misconduct and obvious partiality." Doc. 35 at 6. Bright's request for an extension of time to file a disqualification motion also lacks merit. 28 U.S.C. § 455 does not require Bright to seek disqualification within a certain period of time. Bright previously moved to disqualify the Magistrate Judge

(Doc. 25) after filing the earlier motion to stay with an identical request for an extension of time to seek disqualification (Doc. 18). The Magistrate Judge denied Bright's disqualification motion, concluding that Bright had not demonstrate any basis for disqualification. Doc. 26 at 5. As such, the Court will deny this request.

The Court will also deny Bright's request to stay this action pending a ruling on the Motion to Vacate; for the reasons set forth above, the Court will deny the Motion to Vacate. To the extent that Bright seeks an extension of time to "reply/comply" with the November 6, 2020 order adopting the September 23, 2020 R&R, the Court will deny that request; the Court addressed the identical request in the August 30, 2021 Order. Doc. 29 at 10–11. To the extent that Bright seeks an extension of time to "reply" to the November 19, 2021 R&R, the Court will deny that request, too. Bright has already "replied" to the November 19, 2021 R&R by objecting. The Court considered, and rejected, those objections. Finally, to ensure that he has sufficient time to file a complaint that complies with the Federal Rules of Civil Procedure, the Court will provide Bright with twenty-eight days to "comply" with the November 19, 2021 R&R's instruction to file a fourth amended complaint after the November 19, 2021 R&R becomes final. Thus, the Court will grant the Motion to Stay only to the extent that the Court will provide additional time to Bright; the Court denies all other relief.

Accordingly, it is **ORDERED**:

1. All relief requested in Leon Bright's "List of Objections and Motion for Reconsideration Upon this Court's August 30, 2021 Order" (Doc. 32) is **DENIED**.

2. The objections in Leon Bright's "List of Objections to Magistrate's Order and Motion for Extension of Time and Rehearing/Reconsideration and Notice to Rule Within Reasonable Time" (Doc. 34) are **OVERRULED**.

3. The Report and Recommendation entered by United States Magistrate Judge Julie S. Sneed on November 19, 2021 (Doc. 33) is **ADOPTED**, **CONFIRMED**, and **APPROVED** in all respects and is made a part of this order for all purposes, including appellate review.

4. Leon Bright's Third Amended Complaint (Doc. 30) is **DISMISSED**, **without prejudice**. The Court grants Bright leave to file a fourth amended complaint that complies with the Federal Rules of Civil Procedure within **TWENTY-EIGHT (28) DAYS** of the date of this order. **Failure to file a fourth amended complaint within the time provided will result in the dismissal of this action, without prejudice, without further notice**.

5. Leon Bright's "Application to Proceed In District Court Without Prepaying Fees or Costs (Long Form)" (Doc. 31) is **DENIED**, without prejudice.

6. Leon Bright's construed Motion to Stay (Doc. 35) is **GRANTED** only to the extent that the Court will provide Bright with twenty-eight days to file a fourth amended complaint. All other relief requested therein is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on April 25, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any