UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEON BRIGHT,

    Plaintiff,

v.                                                        Case No: 8:20-cv-1131-CEH-JSS

CITY OF TAMPA, J. LAMBERT,
CHRISTINA M. MITCHELL,
HILLSBOROUGH COUNTY, DAVID
KELSEY, HARTLINE
TRANSPORTATION
TRANSIT/REGIONAL AGENCY,
JOHN DOES, CHRISTINA
BUCHANAN, JANE DOE, OFFICER
LEPOCHAT, JANE CASTOR and
BRIAN DUGAN,

    Defendants.
_____/

## **ORDER**

This cause comes before the Court upon Plaintiff Leon Bright's Motion for Leave of Court to Amend, in the Alternative Motion to Vacate Judgments and Orders (December 14, 2022), and (January 3, 2023). Doc. 52. Plaintiff moves to vacate two of this Court's orders under Federal Rule of Civil Procedure 60(b), and/or for leave to amend his Fourth Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a). *Id.* at 1. Upon careful review of Plaintiff's motion, the record, and Magistrate Judge Julie S. Sneed's December 14, 2022, Report and Recommendation ("R&R"), the motion will be denied in its entirety.

I.  BACKGROUND

Plaintiff Leon Bright, appearing *pro se*, initiated this action by filing a complaint and a motion for leave to proceed in forma pauperis. Docs. 1, 10. After conducting a review, the magistrate judge dismissed Plaintiff's Complaint without prejudice and granted him leave to file an amended complaint that complied with the Federal Rules of Civil Procedure. Doc. 12.

In amending his complaint, Plaintiff repeatedly failed to follow the Court's guidance. As a result, the Court reviewed and dismissed, without prejudice, Plaintiff's Amended Complaint, Second Amended Complaint, and Third Amended Complaint. Docs. 23, 29, 36. Each time, the Court explained the reasons for dismissal and granted Plaintiff leave to file an amended complaint that complied with the Federal Rules of Civil Procedure. *See id.* After dismissing the Third Amended Complaint and granting Plaintiff leave to file a fourth amended complaint, Plaintiff was cautioned that "the fourth amended complaint will serve as [his] final opportunity to file a complaint that complies with the Federal Rules of Civil Procedure and avoids shotgun-pleading deficiencies." Doc. 36 at 24.

Plaintiff then filed his Fourth Amended Complaint and renewed his motion for leave to proceed in forma pauperis. Docs. 45, 49. His Fourth Amended Complaint alleged that he was involved in a confrontation with a Hartline bus driver, who called the Tampa Police Department and falsely reported that Plaintiff assaulted and battered her. Doc. 45 at 4–5. He claimed the responding officers did not investigate his version of the incident and instead issued a trespass warning, preventing him from using

2

Hartline's services. *Id.* at 5–6. Plaintiff alleges that he "appealed" the trespass warning and was permitted to use Hartline's services. *Id.* at 6–8. Plaintiff further alleges that after a subsequent altercation with a different Hartline bus driver, an officer from the Tampa Police Department "created a falsified criminal report" for trespassing. *Id.* at 7. Plaintiff also contends that during his arrest for trespassing, officers of the Tampa Police Department used excessive force against him, causing injuries. *Id.*

Upon review of the Fourth Amended Complaint, the magistrate judge found that Plaintiff had failed to assert a viable claim despite receiving ample guidance from the Court, and that his complaint again exhibited numerous shotgun deficiencies, many of which the Court had repeatedly pointed out. Doc. 50 at 6–10. After the December 14, 2022, R&R was entered on the docket, Plaintiff filed no objections within the fourteen-day objection period, and the R&R was adopted, confirmed, and approved in all respects by the undersigned on January 3, 2023. Doc. 51. As such, Plaintiff's Fourth Amended Complaint was dismissed and the case was closed. *Id.* Nearly six months later, Plaintiff filed the instant motion. Doc. 52. Three months afterwards, he filed a Notice to Rule. Doc. 53.

II.   **DISCUSSION**

Plaintiff's Motion requests leave of court to amend his complaint, or in the alternative that the Court vacate the December 14, 2022, R&R and the January 3, 2023, order adopting that R&R. Doc. 52 at 1. Plaintiff seeks leave to amend pursuant to Fed. R. Civ. P. 15(a) and states that his motion to vacate is filed pursuant to Fed. Rs. 60(b)(1) and 60(b)(2), based on "excusable negligence." *Id.* Specifically, he claims

3

that he did not receive either order while incarcerated in the Hillsborough County Jail, and that his poor health impeded him from timely objecting or timely appealing these orders. *Id.* He claims that he only discovered these orders on June 2, 2023. *Id.*

### i. Motion to Vacate and Objections

Under 28 U.S.C. § 636, a party may serve and file written objections to a magistrate judge's proposed findings and recommendations within fourteen days. 28 U.S.C. § 636(b)(1)(C). Thus, under the statute, Bright had until December 28, 2022, to object to the December 14, 2022, R&R. He failed to do so, ultimately filing the instant motion on June 30, 2023, nearly six months after the Court adopted the R&R on January 3, 2023. Doc. 51.

Bright's motion to vacate the two orders is filed pursuant to 60(b)(1) and 60(b)(2), Federal Rules of Civil Procedure. Doc. 52 at 1. In support, Bright states that: (1) he "was never provided with such Orders dated and mentioned above while incarcerated in the H.C.S.O. Jail, to-wit Falkenburg Rd"; and (2) that he was "gravely ill" from September 11, 2022, to June 2023, which "could have potentially prevented [him] from receiving any mail from courts or otherwise in the medical unit as opposed to regular populated PODS in H.C.S.O. facility" *Id.* at 1–2. Plaintiff claims that he suffers from lupus, takes a number of medications, is fully disabled, and that while receiving medical care had no access to computers on which he could have "acknowledged" the Court's orders. *Id.*

4

Federal Rule of Civil Procedure 60 provides in part that:

> On motion and just terms, the court may relieve a party or its representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

Fed. R. Civ. P. 60(b).

As to Rule 60(b)(2) specifically, all of the following are required to justify relief based on newly discovered evidence:

> (1) the evidence must be newly discovered since the [order]; (2) the movant must have exercised due diligence in discovering the new evidence; (3) the evidence cannot be merely cumulative or impeaching; (4) the evidence must be material; and (5) the new evidence must be such that it would produce a different outcome in the underlying action.

*Williams v. N. Fla. Reg'l Med. Ctr., Inc.*, 164 F. App'x 896, 898 (11th Cir. 2006) (citing *Waddell v. Hendry Cnty. Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003)). "A Rule 60(b)(2) motion is an extraordinary motion and the requirements of the rule must be strictly met." *Motes v. Couch*, 766 F. App'x 867, 869 (11th Cir. 2019).

After careful consideration, the Court will deny Bright's requests for the Court to vacate the December 14, 2022, and January 3, 2023, orders under Rules 60(b)(1) and 60(b)(2).

First, the Court denies as meritless Plaintiff's request to vacate either order under Rule 60(b)(1). Plaintiff fails to establish that this order should be vacated due to

"mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). He argues that both the January 3, 2023, Order and the December 14, 2022, R&R should be vacated because Plaintiff was not delivered these orders while incarcerated in the Hillsborough County Jail, and because his poor health impeded him from discovering the orders and timely objecting and filing a notice of appeal as related to them. Doc. 52 at 1–2.

Plaintiff's argument that officials at the jail wrongfully failed to deliver legal mail to him is meritless. He claims that it is not his fault the "[j]ail associates, officers, or legal mail department of H.C.S.O. failed to deliver the cited legal mail and or documents from this court," and that the Sheriff's Office "does not timely document legal mail designated to Inmates in the jail, including the Plaintiff." *Id.* at 2–3. He provides no evidence for this claim. And as for his claim that orders in this case were not properly delivered to him, the docket, CM/ECF, reflects that Plaintiff failed to file a change of address notice.

Furthermore, the record from another case involving Plaintiff reveals that he understood that it was his responsibility to provide a change of address to the Court. Specifically, in *Bright v. Thomas, et al.,* No. 8:22-cv-24-CEH-JSS (M.D. Fla.), Doc. 10 at 1, Plaintiff submitted a filing that asked the Clerk to update his mailing address to an address at the Falkenburg Road Jail. Such a notice was never filed in this matter, and the orders were thus not sent to the jail. The orders were mailed to the address Plaintiff provided to the Court and they were not returned.

6

Even if the facts Plaintiff alleges regarding his health are accurate, the Court finds, in its discretion, that he does not establish excusable neglect in this matter.[1] Plaintiff states that he was "gravely ill" from September 11, 2022, to June 2023, and that the illness was at some point serious enough to send him to the "Emergency Medical POD at H.C.S.O" *Id.* at 2. He argues that his illness "could have potentially prevented [him] from receiving any mail from courts or otherwise in the medical unit as opposed to regular populated PODS in H.C.S.O. facility." *Id.* However, Plaintiff's failure to receive the updates was, again, due to his failure to provide a change of address notice, not the errors of any hospital or jail employee.

Additionally, Plaintiff states that he was released from jail March 2023 and "ordered to report to the emergency room at the hospital." Doc. 52 at 2. He fails, however, to explain the additional three-month delay from the time he says he was released to the date this motion was filed, besides stating that there were no "computers or resources" at the hospital by which Plaintiff could access the docket in this case. *Id.*

---

[1] The Court notes that in another case before the undersigned involving Plaintiff, *Bright v. Argos Cement USA, LLC et al,* No. 8:22-cv-985-CEH-AAS (M.D. Fla.), the Court granted Bright's motion to vacate certain orders, in its discretion, on the basis of somewhat similar arguments.

The facts in that case are clearly distinguishable. Bright had only amended his complaint a single time in that matter, and he stated that he would file a "Second Amended Complaint in compliance" with the Court's orders. *Bright v. Argos Cement USA, LLC,* No. 8:22-CV-985-CEH-AAS, 2023 WL 5959292, at *2 (M.D. Fla. Sept. 13, 2023). Here, Plaintiff indicates that he disagrees with the Court's prior orders and guidance, has made no effort to comply with Fed. Rs. Civ. P. 8 and 10, and has amended his complaint four times. Doc. 52 at 3–4.

Thus, Plaintiff has not established excusable neglect under Rule 60(b)(1), which generally is an equitable standard turning on "all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 394 (1993); *see Cheney v. Anchor Glass Container Corp.,* 71 F.3d 848, 850 (11th Cir. 1996) (applying *Pioneer* factors to Rule 60 cases). Here, the Court finds that considering all the relevant circumstances, *i.e.,* his explanation of the length of the delay and the stated reason for the delay, Bright has not established that either order should be vacated based on "excusable neglect."

The Court also rejects Plaintiff's argument that the orders should be vacated under Rule 60(b)(2). He fails to satisfy the elements of such a request in that he does not: provide notice of any evidence that has been newly discovered since the orders were entered; establish that he exercised due diligence in discovering such evidence or that any such evidence was material; establish that such evidence is more than merely cumulative or impeaching; and show that the evidence would have produced a different outcome in the underlying action. As such, the Court denies Bright's request for relief under Rule 60(b).[2]

---

[2] Plaintiff mentions Fed. R. Civ. P. 60(b)(6) as well (Doc. 52 at 2), but does not elaborate. Pursuant to Rule 60(b)(6), the Court finds that no "other reason" justifies granting Plaintiff relief either.

To the extent Plaintiff directs his Motion to Vacate to the December 14, 2022 R&R, out of an abundance of caution, the Court will construe his motion as an objection to the R&R.[3] When a party makes a timely and specific objection to a magistrate judge's report and recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The district judge may accept, reject, or modify, in whole or in part, the findings and recommendations. *Id.* The district judge must review legal conclusions *de novo. See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Sch. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019). Objections to a magistrate judge's report and recommendation must be "specific" and "clear enough to permit the district court to effectively review the magistrate judge's ruling." *Knezevich v. Ptomey*, 761 F. App'x 904, 906 (11th Cir. 2019) (internal quotation marks omitted).

The Court will overrule Plaintiff's objections to the December 14, 2022, R&R. Bright's stated reasons for objecting to the R&R clearly lack merit. The Court agrees with the magistrate judge's report and recommendation; the Fourth Amended Complaint exhibits a number of shotgun deficiencies.

---

[3] The Court will construe the section of Plaintiff's motion labeled "Reasons for Plaintiff's Written Objections/Notice to Appeal the Orders December 14, 2022, and January 3, 2023," (Doc. 52 at 4) as an objection to the December 14, 2022, R&R and consider them notwithstanding his failure to object within fourteen days from the entry of the December 14, 2022, R&R.

Rule 8(a)(2) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief" the purpose of which is to afford the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (alteration in original) (internal quotation marks omitted). Although courts must liberally construe a *pro se* plaintiff's pleadings, a *pro se* plaintiff's pleadings must nonetheless conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

Here, as the magistrate judge highlighted, Plaintiff's Fourth Amended Complaint brought multiple claims against multiple defendants without specifying which defendant was responsible for which acts or omissions or clearly articulating which of the defendants the claim was brought against. As an example, although Plaintiff included Officer Lambert as a Defendant in Count One (Doc. 45 at 8), he failed to specify how Officer Lambert was involved in the conduct at issue. Moreover, despite identifying Officers Mitchell and Lambert, the City of Tampa, and Hillsborough County as the Defendants in Count Four (*Id.* at 11), Plaintiff includes various allegations in Count Four against Defendant Hartline. (*Id.* at 12–13.) Thus, Plaintiff fails to provide Defendants with proper notice of the claims against them. See *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1322–23 (11th Cir. 2015)

(identifying a common type of shotgun pleading as "one that commits the sin of not separating into a different count each cause of action or claim for relief").[4]

In sum, Plaintiff fails to provide a valid argument for vacating the orders under Fed. R. Civ. P. 60 or present any meritorious objections. Therefore, the Court denies the Motion to Vacate.

Even if the Court considered Plaintiff's summary of his objections or any other part of his motion to be a request for reconsideration, such a request would clearly be meritless. "This Court has recognized three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *True v. C.I.R.*, 108 F. Supp. 2d 1361, 1365 (M.D. Fla. 2000). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D 689, 694 (M.D. Fla. 1994). The motion fails to satisfy any of these grounds for reconsideration.

   ii. *Motion for Leave of Court to Amend*

Although Plaintiff does not explain why, in his view, the Court should grant him leave to amend his Fourth Amended complaint, he appears to rely on the same arguments he makes for his motion to vacate: that he never received the orders in

---

[4] This serves as an example of just one way in which Plaintiff's Fourth Amended Complaint failed to comply with the Court's prior orders and the requirements of Fed. Rs. Civ. P. 8 and 10. There are several others. Doc. 50.

question due to the negligence of jail or hospital staff and that he was ill from September 11, 2022, to June 2023.

The Federal Rules of Civil Procedure provide that a court should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]he grant or denial of an opportunity to amend is within the discretion of the [d]istrict [c]ourt." *Foman v. Davis,* 371 U.S. 178, 182 (1962). Although the Court has discretion to deny pleading amendments under Federal Rule of Civil Procedure 15(a), there is a strong preference in the Eleventh Circuit for allowing them. *See Burger King Corp. v. Weaver,* 169 F.3d 1310, 1319 (11th Cir. 1999). A district court may deny a motion to amend on numerous grounds, including undue delay, undue prejudice to the defendant(s), and futility of the amendment. *Maynard v. Bd. of Regents of the Div. of Univs. of the Florida Dep't. of Educ.,* 342 F.3d 1281, 1287 (11th Cir. 2003).

Here, the motion for leave to amend will be denied because it was filed after an undue delay, and—more importantly—because amendment would clearly be futile. As to undue delay, Plaintiff failed to file his motion until nearly six months after the Court adopted his R&R and dismissed his Fourth Amended Complaint. Docs. 51, 52. This was well over six months after the magistrate judge entered the R&R. Doc. 50. As already discussed, Plaintiff provides no evidence for the claim that jail officials purposely or negligently failed to deliver his mail, and he in fact did not receive the orders due to his failure to notify the Court of his change of address. Therefore, the motion is unduly tardy, and Plaintiff fails to provide a reasonable explanation for the delay.

Plaintiff's undue delay, together with the multiple opportunities to amend the Court has provided him, would provide sufficient grounds for denying his request on this basis alone. *Cf. Bank v. Pitt,* 928 F.2d 1108, 1112 (11th Cir.1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.,* 314 F.3d 541, 542 (11th Cir. 2002) (en banc) (holding that a *pro se* plaintiff "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice," at least where the Court has not found futility).

However, the Court also finds that the request for leave to amend fails because the proposed amendment would be futile. Plaintiff includes a section titled "Reasons for Plaintiff's Written Objections/Notice to Appeal the Orders December 14, 2022, and January 3, 2023." Doc. 25 at 3–4. His sole substantive arguments are that he "is not required to prove his case at the pleading stage," and that his Fourth Amended Complaint "pleaded factual allegations to each Defendant." *Id.* at 4. In this case, the Court reviewed and dismissed Plaintiff's Amended Complaint, Second Amended Complaint, and Third Amended Complaint. Docs. 23, 29, 36. After dismissing the Third Amended Complaint, this Court informed Plaintiff that "the fourth amended complaint will serve as Bright's final opportunity to file a complaint that complies with the Federal Rules of Civil Procedure and avoids shotgun-pleading deficiencies." Doc. 36 at 24. In so doing, the Court has afforded Bright several opportunities to file a complaint that complies with the Federal Rules of Civil Procedure and has provided guidance about the deficiencies in prior pleadings. *See Tran v. City of Holmes Beach,* 817 F. App'x 911, 915 (11th Cir. 2020) ("Even pro se plaintiffs must comply with pleading

13

rules or face judgment day, which for the [plaintiffs] came after the district court gave them two chances to replead, and even some guidance about what was wrong with the way they had done it before.").

Nonetheless, Plaintiff asserts that his "Complaints starting at Complaint ONE, TWO, THREE, and Fourth Amended Complaint were all valid and this Court used abuse of law, power, and authority finding otherwise." Doc. 52 at 3. Based on Plaintiff's own assertions, a Fifth Amended Complaint would likewise fail to comply with the Federal Rules and would not rectify the various deficiencies of which Plaintiff is aware.[5]

Therefore, given Plaintiff's numerous opportunities to amend his complaint and the arguments in this motion, the Court finds that granting leave to amend under Fed. R. Civ. P. 15 would be futile, in addition to the request being untimely.

Accordingly, it is **ORDERED**:

1. Plaintiff's "Motion for Leave of Court to Amend, in the Alternative Motion to Vacate Judgments and Orders (December 14, 2022), And (January 3, 2023)" (Doc. 52) is **DENIED**.

---

[5] Plaintiff's Fourth Amended Complaint asserted multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or clearly articulating against which of the defendants the claim is brought. Doc. 50 at 6. Furthermore, he failed to separate into a different count each cause of action or claim for relief, included facts that are conclusory or immaterial to his claim, failed to ensure that each count incorporated only those allegations relevant to that claim, and did not allege substantial portions of his complaint in numbered paragraphs. *Id.* at 10.

**DONE AND ORDERED** in Tampa, Florida on February 2, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any